UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERRY ALFRED COXE,<br><br>            Petitioner,<br><br>   v.<br><br>PATRICK R GLEBE,<br><br>            Respondent. | CASE NO. C16-5450 BHS-JRC<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL |

    The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge, J. Richard Creatura. The authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state conviction, thus, the petition is filed pursuant to 28 U.S.C. § 2254.

    Before the Court is petitioner's motion for the appointment of counsel. Dkt. 12. Under separate order, the Court directed service of the petition for writ of habeas corpus. Dkt. 5. Petitioner filed two supplements to his petition. Dkts. 9, 10. The respondent filed an answer. Dkt. 15. The Court denies petitioner's motion.

1    There is no right to have counsel appointed in cases brought under 28 U.S.C. §2254, unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court also may appoint counsel "at any stage of the case if the interest of justice so require." *Weygandt*, 718 F.2d at 754. In deciding whether to appoint counsel, however, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.*

Petitioner has not requested that he be allowed to conduct discovery in this matter nor does the Court find good cause for granting him leave to do so at this stage of the proceedings. See Rule Governing Section 2254 Cases in the United States District Courts 6(a). In addition, the Court has not determined that an evidentiary hearing will be required, nor does it appear that one is needed at this time. See Rule Governing Section 2254 Cases in the United States District Courts 8(c). Petitioner has not shown that his particular conditions of confinement are such that "the interests of justice" require appointment of counsel.

Accordingly, petitioner's motion for the appointment of counsel (Dkt. 12) is denied.

Dated this 8th day of August, 2016.

J. Richard Creatura
United States Magistrate Judge